UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD BORDELON | CIVIL ACTION |
| VERSUS | NO. 23-7037 |
| ACE AMERICAN INSURANCE COMPANY, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Chubb European Group SE's ("Chubb") motion to dismiss.[1] Plaintiff Ronald Bordelon opposes the motion.[2] For the following reasons, the Court grants in part and denies in part the motion.

## I.   BACKGROUND

This insurance coverage dispute arises from property damage allegedly sustained during Hurricane Ida on August 29, 2021.[3] Plaintiff filed suit on August 23, 2023, in the Twenty-Ninth Judicial District Court for the Parish of St. Charles, naming only ACE American Insurance Company ("ACE") as defendant.[4]  ACE removed the action on October 4, 2023,[5] invoking this

---

[1]   R. Doc. 16.
[2]   R. Doc. 18.
[3]   R. Doc. 1-1 at 1.
[4]   R. Doc. 8-1.
[5]   R. Doc. 1-1 at 6-11.

Court's diversity jurisdiction. ACE's notice of removal was docketed in Case Number 23-5777. Six days after ACE's removal, on October 10, 2023, the St. Charles Parish Clerk of Court processed and stamped as received an amended petition filed by plaintiff, which sought to add Chubb as a defendant.[6] Chubb then filed a notice of removal based upon the amended petition on November 22, 2023,[7] which was docketed in this matter, Case Number 23-7037.

On December 1, 2023, the Court ordered plaintiff to show cause why the action against Chubb should not be dismissed without prejudice.[8] The Court noted that any document filed in state court after October 4, 2023, including the amended petition, would be a nullity because the state court no longer had jurisdiction over the matter after ACE filed its notice of removal.[9] In response to the Show Cause Order, plaintiff submitted evidence that he had filed the amended petition with the St. Charles Parish Clerk of Court by facsimile before removal, on September 21, 2023.[10] Two hours later, the Clerk of Court acknowledged receipt of the amended petition and advised plaintiff to mail the original document and applicable filing fees within seven

---

[6] *Id.* at 1.
[7] R. Doc. 1.
[8] R. Doc. 7.
[9] *Id.*
[10] R. Doc. 8-2.

2

days, pursuant to Louisiana Revised Statute section 13:850(B).[11] Plaintiff contends that he mailed the original amended petition and filing fees to the Clerk of Court on September 25, 2023, as evidenced by a dated transmittal cover letter that accompanied the documents.[12] Although the St. Charles Parish Clerk of Court's office stamped the amended petition on October 10, 2023, plaintiff contends that the facsimile filing was in effect as of September 21, 2023, and, thus, he properly added Chubb in the state court action before ACE removed the action.[13]

Chubb now moves to dismiss plaintiff's amended petition.[14] Chubb contends that plaintiff failed to comply with the requirements of Louisiana's facsimile filing statute, La. Stat. Ann. § 13:850, and the amended petition therefore had no force and effect as of October 4, 2023, when ACE removed the action. Specifically, Chubb argues that plaintiff did not deliver the original amended petition to the Clerk of Court until October 10, 2024, when the Clerk's office stamped the document, which exceeded the seven-day delivery requirement under the statute.[15] Chubb therefore asserts that the operative date of filing was October 10, 2023, and the amended petition

---

[11]    *Id.* at 6.
[12]    *Id.* at 1-4, 7.
[13]    R. Doc. 8.
[14]    R. Doc. 16.
[15]    R. Doc. 16-1 at 2-3.

3

naming Chubb should be dismissed because it was filed after removal. Moreover, Chubb contends that the applicable prescriptive period for plaintiff's claims under the insurance policy was two years after the date of loss, or August 29, 2023.[16] Because the amended petition was filed on October 10, 2023, Chubb asserts that plaintiff's amended petition should also be dismissed based on prescription.[17]

In opposition, plaintiff contends that the amended petition is valid and in effect, and his claims against Chubb are timely because the amended petition relates back to the date of filing the original petition on August 23, 2023.[18]

The Court considers the parties' arguments below.

## II. DISCUSSION

### A. Plaintiff's Amended Petition

Once a notice of removal is filed, a state court loses all jurisdiction over the removed action, and it "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (citing *Kern v. Huidekoper*,

---

16
17  *Id.* at 8.
18  R. Doc. 18.

4

103 U.S. 485, 493 (1881)). Without jurisdiction, the state court's "subsequent proceedings . . . are not simply erroneous, but absolutely void." *Roman Catholic Archdiocese*, 140 S. Ct. at 700 (quoting *Kern*, 103 U.S. at 493 (internal quotation marks and alterations omitted)). Here, it is undisputed that the action was originally removed by ACE on October 4, 2023.[19] Therefore, if plaintiff filed his amended petition in state court after October 4, 2023, the amended pleading would be a legal nullity.

Louisiana Revised Statute section 13:850 allows parties to file court documents by facsimile transmission. The statute provides that such filings "shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court." La. Stat. Ann. § 13:850(A). "The facsimile when filed has the same force and effect as the original, if the filing party complies with Subsection B of this Section." *Id.* Subsection B requires that the original document, along with filing fees, "shall be delivered" to the clerk of court within seven days, exclusive of legal holidays, after the clerk of court receives

---

[19] ACE filed a notice of removal in this Court on October 4, 2023, R. Doc. 1, and filed a copy of the notice of removal with the state clerk of court on the same date, R. Doc. 1-1 at 5-11. *See* 28 U.S.C. § 1446(d) (providing that removal is effectuated, and the state court loses jurisdiction, when the removing defendant files a copy of the notice of removal with the state clerk of court).

5

the facsimile filing. *Id.* § 13:850(B). "If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect." *Id.* § 13:850(C).

Here, plaintiff transmitted the amended complaint by facsimile on September 21, 2023, and the St. Charles Parish Clerk of Court confirmed its receipt that same day.[20] Thus, if plaintiff complied with the requirements of Subsection B, the filing of his amended complaint would be deemed complete as of September 21, 2023. *Id.* § 13:850(A). Under Subsection B, plaintiff had to deliver the original amended petition and filing fees to the Clerk of Court within seven days, exclusive of legal holidays, of September 21, 2023, or by October 2, 2023. *See id.* § 13:850(B). The Court must therefore determine on which date the documents were deemed "delivered."

In *Clark v. Wal-Mart Stores, Inc.*, 259 So. 3d 516 (La. App. 5 Cir. 2018), Louisiana's Fifth Circuit Court of Appeals construed Subsection B's "shall be delivered" language. In that case, the plaintiff's original copy of the petition was sent by certified mail, return receipt requested, to a P.O. Box address. *Id.* at 518. The petition was signed for on July 13, 2017, the day prescription ended, but was not stamped as received by the clerk's office until July 14, 2017, the day after prescription ended. *Id.* In determining whether

---

[20]   R. Doc. 8-2.

6

the original petition had been "delivered" to the clerk of court within seven days as required by Subsection B, the court "considered the common and approved usage of the word 'deliver.'" *Id.* at 522. Ultimately, the court determined that the unambiguous meaning of "delivered" in the statute was the date on which the clerk of court gains possession of the document. In *Clark*, possession took place on July 13, 2017, the date on which the return receipt requested card for the certified mailing was signed by a court worker at the P.O. Box facility, not the date later stamped on the original petition. *Id.* The *Clark* court thus concluded that the plaintiff satisfied the requirements of filing within the one-year prescriptive period. *Id.*

The Louisiana Supreme in *Petit-Blanc v. Charles*, 313 So. 3d 1245 (La. 2021), addressed the meaning of "delivered" when the only evidence of possession was the date stamped on the original petition. *Id.* at 1246. There, the plaintiff had mailed the original document to the clerk of court on November 14, 2019, seven days before the delivery deadline on November 22, 2019, but it was not stamped as received by the clerk's office until November 25, 2019. *Id.* The plaintiff argued that, given the mailing date, the document "must have been delivered to the clerk's post office box sometime prior [to] November 25, 2019." *Id.* The Louisiana Supreme Court rejected this argument, holding that "merely transmitting an original

7

document within the deadline is insufficient; rather, the litigant must establish the document was delivered to the clerk within the deadline." *Id.* at 1247. Thus, because the plaintiff could not establish that her petition was placed in the actual or constructive possession of the clerk's office before November 25, 2019, the stamped date necessarily served as the delivery date under Subsection B. *Id.*; *see also Hawthorne v. Norfolk S. Corp.*, 319 So. 3d 882, 888 n.1 (La. App. 4 Cir. 2021) (rejecting plaintiff's argument that the clerk of court had constructive possession of the original petition once the document was mailed, and reasoning that the "clerk of court has zero control of an item in control of the United States Postal Service"); *Wells v. Farm Bureau Ins. Co.*, 300 So. 3d 9, 12 (La. App. 1 Cir. 2020) (holding that the stamp date operated as the date of delivery for purposes of the seven-day clock under Subsection B when "[t]he only evidence to show the date the original petition was delivered to the East Baton Rouge Parish Clerk of Court [was] the date stamp of February 5, 2019").

Here, plaintiff did not send the original amended petition by certified mail, and there is no signed return receipt requested card to document the date of delivery. *Cf. Clark*, 259 So. 3d at 518. Thus, plaintiff's original amended petition was delivered to the Clerk of Court on October 10, 2023, when the St. Charles Parish Clerk of Court stamped the document as

8

received. *See Petit-Blanc*, 313 So. 3d at 1246-47. Plaintiff nevertheless contends that the stamp date should be ignored for purposes of the seven-day delivery deadline. Plaintiff submits the affidavit of the legal assistant to plaintiff's attorney, which attests that she contacted the Clerk of Court's office several days after mailing the documents on September 21, 2023.[21] She asserts that she was told that the Clerk's office had received the amended petition but was "inundated" and backlogged by the large number of newly filed Hurricane Ida lawsuits, and that the amended petition had not been stamped until October 10, 2023.[22] But this declaration does not serve as sufficient proof of an earlier delivery date. Additionally, plaintiff had a responsibility to insure actual delivery of the documents before the seven-day deadline, either by requesting a signed return receipt card through certified mail or by hand delivering the documents to the court. *See Burkett v. Resolution Trust Corp.*, 757 So. 2d 819, 821 (La. App. 5 Cir. 2000) ("It is incumbent upon the person obliged to file the document to insure that his filing is in the hand of the clerk of court within the delay allowed and he assumes the risk of delay when he chooses to send his filing by mail rather than to deliver it to the clerk of court by hand." (citation omitted)).

---

[21]    R. Doc. 18-4.
[22]    *Id.*

Accordingly, plaintiff does not benefit from the September 21 facsimile filing date under section 13:850. *See* La. Stat. Ann. § 13:850(C). The Court therefore finds that the amended petition was delivered to the St. Charles Parish Clerk of Court on October 10, 2023, which serves as the operative date of filing. Because plaintiff filed the amended petition in state court after ACE had removed the action on October 4, 2023, the amended petition is a legal nullity. *See Roman Catholic Archdiocese*, 140 S. Ct. at 700.

### B.     Dismissal Without Prejudice

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*" to the appropriate federal district court. 28 U.S.C. § 1441(a) (emphasis added). In the context of § 1441(a), "the term 'defendant' refers only to the party sued by the original plaintiff." *Home Depot U.S.A. Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Thus, § 1441(a) specifically limits removal to properly sued defendants, and "contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma v. HIS Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) (citations

10

omitted); *see also Home Depot*, 139 S. Ct. at 1749 (observing that "the limits Congress has imposed on removal show that it did not intend to allow [even] all defendants an unqualified right to remove").

Here, the amended petition purporting to add Chubb as a defendant is null. Chubb therefore is not a properly named defendant and cannot remove under 28 U.S.C. § 1441(a). Accordingly, the Court lacks removal jurisdiction to entertain this proceeding. Typically, when a district court does not have removal jurisdiction, it must remand the action to state court for further proceedings. *See id.* § 1447(c); *see also Ansley v. HeathMarkets Inc.*, 416 F. App'x 445, 449 (5th Cir. 2011) ("If the district court determines it lacks removal jurisdiction, [the] action should be remanded to the . . . state court from which it was removed."). But when, as here, the state court is without jurisdiction to adjudicate the matter,[23] remand would be futile, and dismissal without prejudice is the proper response. *See Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 41-43 (2d Cir. 1991) (noting that "remand might be improper if it would be futile, . . . as it would be if the state court could not exercise jurisdiction over [the improperly removed claim]"); *see also Hill v. United States*, No. 18-CV-21, 2018 WL 1902375, at *4 (S.D. Miss. Apr. 20,

---

[23] As discussed, ACE's removal of this action on October 4, 2023, stripped the state court of jurisdiction. *See* 28 U.S.C. § 1446(d); *Roman Cath. Archdiocese*, 140 S. Ct. at 700.

11

2018) ("Dismissal without prejudice is proper only if the Court finds that remand would be futile because the state court is clearly without subject-matter jurisdiction."); *Jeuudah v. Houston Police Dep't*, No. 22-cv-03545, 2023 WL 4190540, at *1-2 (S.D. Tex. June 26, 2023) (dismissing case without prejudice when remand would be futile). This action is therefore dismissed without prejudice.[24]

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss. The Court GRANTS the motion to dismiss, but DENIES the motion insofar as it seeks dismissal with prejudice. Accordingly, this matter is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __1st__ day of February, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24] The Court lacks jurisdiction to consider Chubb's prescription argument.